Nasu, O. J.
 

 The contract upon which the action is brought is contained in a letter written by the defendant to the plaintiff, and which is made a part of the case. In it the defendant promises to pay the plaintiff one hundred dollars, upon condition he will furnish him with evidence, that Allen J. Williams was married in Tennessee before the year 1821. In the letter the plaintiff is directed to let the defendant know the time when the deposition was taken in Tennessee, that he might give the necessary notice, and he would send him a commission. The deposition was taken and returned to the proper Court, but no commission accompanied it. The necessary evidence was contained in it. The suit in which it was to be used was subsequently compromised. From the case we gather, that upon the discovery that the deposition, in its then state, could not be used, the plaintiff was requested by the defendant to go on, and complete the
 
 *365
 
 evidence; this he refused to do unless the defendant would give him fifty dollars more, which was refused. The furnishing the required evidence by the plaintiff, was a condition precedent, without the performance of which no right of action accrued to him. The declaration must necessarily aver it, and the evidence must prove it. The evidence was not furnished by the plaintiff. The deposition without the commission was not admissible as evidence, and was entirely useless to the defendant; for, it was the warrant to the magistrate to act in the matter, and the plaintiff, when apprised of the defect, and requested to complete his contract, refused to do so, except upon an additional compensation; this was an abandonment of his original agreement. The action is not brought on the second promise as alleged by the plaintiff—if any such promise was made. There is no error, and the judgment is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.